# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

**UNITED STATES OF AMERICA**

-vs-

**CHRISTOPHER JAMES HAWKINS**

Case Number: 2:07-cr-67-FtM-34DNF

USM Number: 33787-018

Martin DerOvanesian, AFPD
1514 Broadway, Suite 301
Fort Myers, FL 33901

## JUDGMENT IN A CRIMINAL CASE
### For Revocation of Probation or Supervised Release

The defendant admitted guilt to the violation charged in paragraph number(s) One through Ten of the Second Superceding Petition. The defendant is adjudicated guilty of these violations:

| Violation Charge Number | Nature of Violation | Violation Ended |
| --- | --- | --- |
| One | New Conviction for Criminal Conduct, Illegal Nets, occurring on July 4, 2007, while on supervision in violation of the conditions of supervision: The defendant committed the offense of Illegal Nets, and was convicted of such in Lee County Court, Case Number 07-CF-018173-B. | July 4, 2007 |
| Two | New Conviction for Criminal Conduct, No Saltwater Product License, occurring on July 4, 2007, while on supervision in violation of the conditions of supervision: The defendant committed the offense of No Saltwater Products License, and was convicted of such in Lee County Court, Case Number 07-CF-018173-B. | July 4, 2007 |
| Three | New Conviction for Criminal Conduct, Violation Saltwater Rules/Regulations, occurring on July 4, 2007, while on supervision in violation of the conditions of supervision: The defendant committed the offense of Violation Saltwater Rules/Regulations, and was convicted of such in Lee County Court, Case Number 07-CF-018173-B. | July 4, 2007 |
| Four | New Conviction for Criminal Conduct, Driving with Driver's License Suspended Habitual, occurring on April 22, 2007, while on supervision in violation of the conditions of supervision: The defendant committed the offense of Driving While Driver's License Suspended Habitual, and was convicted of such in Lee County Court, Case Number 07-CF-016460. | April 22, 2007 |
| Five | Failure to submit written monthly reports in violation of Condition Two of the Standard Conditions of Supervision: The defendant failed to submit his written monthly reports for the months of April 2007, and May 2007. These reports were due within the first five days of each month. | April 2007<br>May 2007 |

AO 245B (Rev. 6/05) Judgment in a Criminal Case

| | | |
|---|---|---|
| Six | Positive urinalysis for Amphetamine/Methamphetamine on March 19, 2007, in violation of Condition Seven of the Standard Conditions of Supervision: The defendant provided a urine specimen, which was analyzed and yielded positive results for the presence of amphetamine/methamphetamine. | March 19, 2007 |
| Seven | Positive urinalysis for Amphetamine/Methamphetamine on April 5, 2007, in violation of Condition Seven of the Standard Conditions of Supervision: On April 5, 2007, the defendant provided a urine specimen, which was analyzed and yielded positive results for the presence of amphetamine/methamphetamine. This result was later confirmed by Kroll Laboratory Specialists, Inc. On April 12, 2007 | April 5, 2007 |
| Eight | Positive urinalysis for Amphetamine/Methamphetamine and Cocaine on April 17, 2007 in violation of Condition Seven of the Standard Conditions of Supervision: On April 17, 2007, the defendant provided a urine specimen for drug testing which yielded a presumptive positive for cocaine and methamphetamine. Prior to this drug test, the defendant verbally admitted to this office to using both cocaine and methamphetamine between the dates of April 14, 2007, and April 15, 2007. | April 17, 2007 |
| Nine | Failure to participate in Drug Aftercare Treatment in violation of the Special Condition of Supervision: On May 1, 2007, the defendant was unsuccessfully discharged from drug treatment based upon unsatisfactory participation in group counseling sessions. | May 1, 2007 |
| Ten | Failure to work regularly at a lawful occupation in violation of the Special Condition of Supervision: Since the month of February 2007, the defendant has failed to work at a lawful occupation and has not provided the probation officer with an acceptable reason for not being employed. | February 2007 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

10/29/2007

_____
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

November 5th, 2007

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Seven (7) Months**.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Twelve (12) months**. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court authorizes random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency

without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this Court's directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.